82 U.S. 660
 21 L.Ed. 104
 15 Wall. 660
 UNITED STATES
v.
BENNETT.
 December Term, 1872
 
 ERROR to the Circuit Court for the Southern District of Ohio; the case being thus:
 By the acts of July 1st, 1862,[1] and July 13th, 1866[2] it was made lawful to transport distilled spirits without payment of taxes, from a bonded warehouse owned by the distiller to any general bonded warehouse used under the internal revenue laws, upon giving a 'transportation bond,' and complying with certain regulations prescribed. One duty of the party transporting, was the production to the collector where his distillery is, of a certificate of the collector to whose district the spirits were to be removed, that they were duly received and stored in the warehouse or district to which they were shipped. And, by an act of March 2d, 1867,[3] it is enacted:
 'That in case any bond, under which any distilled spirits shall have been withdrawn from a bonded warehouse, is forfeited by failure to furnish or produce, at the proper time, the evidence required by law or regulation, that the articles named in the bond were duly received and actually stored in the warehouse or district to which they were shipped, or by other breach of the obligation, the obligors in the bond shall pay the total amount of duties upon the articles removed under the bond, together with 50 per centum upon that amount.'
 These acts being in force, Bennett & Carpenter gave their bond, dated August 19th, 1867, conditioned that they would within thirty days from the date thereof, transport fifty barrels of distilled spirits from their bonded warehouse at Greenville, Ohio, directly to the bonded warehouse owned by Church Howe at Boston, Massachusetts, and deliver them to the collector of internal revenue of that district; and that they should, within fifteen days, produce to the collector of internal revenue of the fourth district of Ohio the certificate of such collector that the spirits had been duly delivered and placed in the warehouse designated, according to law.
 This bond being in existence and in the possession of the United States, Congress, on the 11th of January, 1868, passed an act entitled 'An act to prevent frauds in the collection of the tax on distilled spirits.'[4] It read thus:
 'Be it enacted that from and after the passage of this act, no distilled spirits shall be withdrawn or removed from any warehouse for the purpose of transportation, redistillation, rectification, change of package, exportation, or for any other purpose whatever, until the full tax on such spirits shall have been duly paid to the collector of the proper district. And all acts, and parts of acts, inconsistent with the provisions of this act, are hereby repealed.'
 On the 17th of April, 1869,—that is to say, about fifteen months after the passage of the last above quoted act,—the United States brought an action of debt on the bond which, as already mentioned, Bennett & Carpenter had given on the 19th of August, 1867.
 The breaches assigned were that Bennett & Carpenter did remove the spirits from their warehouse at Greenville, but did not transport them, or, within thirty days from the date of their obligation, complete the transportation of the same to the bonded warehouse of Church Howe at Boston, and deliver the same to the collector of internal revenue thereat; and that they did not within fifteen days thereafter produce to the collector of the fourth district of Ohio the certificate of such collector, showing that the spirits had been duly delivered and placed in the warehouse of Church Howe, according to law.
 The defendants interposed no traverse of the breaches alleged, but pleaded that after they had failed to comply with the conditions of their bond, to wit, on the 1st day of January, 1868, the assessor of the fourth district of Ohio assessed Bennett p Carpenter for their non-compliance the full taxes imposed by law on the said spirits, and that they paid to the said collector all the taxes thus assessed. They further pleaded that though they had not paid the penalty assessed against them, the said Bennett & Carpenter, on the said 1st day of January, for failure to comply with the conditions of their bond, yet that before it became payable under the assessment, the law providing for such penalty was wholly repealed, without any saving clause. To this plea the plaintiffs demurred, and the court gave judgment for the defendants. To that judgment the United States took this writ of error.
 The plea admitted, of course, the execution of the bond, the breach of its conditions, and the non-payment of the penalty assessed against Bennett & Carpenter for the breach. It relied only upon the averment that the statute under which the bond was given was repealed before the penalty became payable. Whether it was repealed, or not, was of course a question of law, and was the only question in the case.
 Mr. G. H. Williams, Attorney-General, and Mr. C. H. Hill, Assistant Attorney-General, for the plaintiff in error; Mr. H. L. Burnett, with whom was Mr. J. D. Cox, contra.
 Mr. Justice STRONG, having stated the case, delivered the opinion of the court.
 
 
 1
 It is very obvious, we think, that this case is not the case of an entire repeal of a former act which imposed a penalty. The act of 1868 repealed former acts only so far as they were inconsistent with its provisions. It is needful, therefore, to note carefully what its provisions were. Plainly, it had no reference to spirits that had been withdrawn from a bonded warehouse for transportation to another before its enactment. It provided a system for the future, and looked exclusively to that. It regulated conduct from and after its pasage, and declared that therefter no spirits should be removed without payment of the full tax. It was only as the prior acts might affect spirits in bonded warehouses after its enactment that they could be inconsistent with its provisions. So far those acts were repealed. But spirits which had been removed before were not in its purview. We are unable to perceive how provisions respecting transportation in 1867 can be inconsistent with regulations respecting custody in 1868. The subjects are not the same, and the statutes are rules of action intended for different times. We think, therefore, that in their application to removals of distilled spirits in 1867, the acts of Congress of 1862, 1866, and 1867 were unaffected by the act of 1868, and consequently that the plea of the defendants was no sufficient answer to the plaintiffs' declaration. Hence the demurrer should have been sustained.
 
 
 2
 JUDGMENT REVERSED, and the cause remitted for further proceedings
 
 
 3
 IN CONFORMITY WITH THIS OPINION.
 
 NOTE.
 
 4
 At the same time with the case above reported, were argued by the same counsel and adjudged another case between the same parties, also the case of United States v. Crane et al., and of the United States v. Crane, Wells et al.; cases which the court declared to be in principle exactly like the case which it had just decided. For the reasons above therein given, the judgment in each was reversed, and the record remitted for further proceedings in accordance with the opinion in that case.
 
 
 
 [1]
 Sections 46, 47, 12 Stat. at Large, 449.
 
 
 [2]
 Sections 40 et seq., 14 Id. 160, et seq.
 
 
 [3]
 Section 23, 14 Id. 482, 483.
 
 
 [4]
 15 Stat. at Large, 834.